**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**MIRIAM ACKERMAN,**
Plaintiff,

**v.**

**ASSOCIATION FOR MENTALLY ILL CHILDREN OF WESTCHESTER, INC. (d/b/a CLEAR VIEW SCHOOL)**,
Defendant.

Civil Action No.: _____

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

I. NATURE OF THE ACTION

This action arises from Defendants' unlawful, retaliatory, negligent, and discriminatory conduct that caused Plaintiff severe emotional, psychological, familial, and professional harm. Plaintiff, a survivor of childhood sexual violence and trauma-related disabilities (including PTSD, agoraphobia with panic disorder, and generalized anxiety disorder), submitted an anonymous ethics concern in good faith regarding survivor safety and confidentiality within the Clear View School (AMIC). Defendants' breaches of confidentiality, misrepresentations, and retaliatory petitioning through a now-dismissed Family Court action in Westchester County, New York, caused lasting harm.

II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under federal law, including 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. Venue is proper in this District under 28 U.S.C. § 1391 because substantial parts of the events and resulting harm occurred in Philadelphia, Pennsylvania, where Plaintiff resides and where the Family Court Temporary Order of Protection was served by armed law enforcement.

This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's related claims arising under the laws of the State of New York, including negligence, defamation, emotional-distress, privacy, and governance-duty claims.  These state-law claims derive from the same nucleus of operative facts as the federal constitutional and statutory claims asserted herein and form part of the same case or controversy under Article III of the United States Constitution. Exercising supplemental jurisdiction promotes judicial economy, convenience, and fairness to all parties.

III. PARTIES

Plaintiff: Miriam Ackerman, resident of Philadelphia, Pennsylvania.

Defendant: Association for Mentally Ill Children of Westchester, Inc. (AMIC) d/b/a Clear View School is a nonprofit organization based in Briarcliff Manor, New York, operating Clear View School—an academic and therapeutic program serving students with mental illness and emotional disabilities. Defendant AMIC is responsible for the policies, supervision, and actions of its officers, directors, and employees, including Human Resources Director Melissa Barrios

and social worker Elena Tardanico Appleton, whose conduct is described herein. AMIC, through its Board of Directors and leadership, is responsible for Clear View School's operations, compliance, and governance, and owes fiduciary duties of care, loyalty, and oversight to ensure adherence to ethical, legal, and trauma-informed standards. AMIC receives federal financial assistance and is a covered entity and public accommodation subject to the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

## IV. FACTUAL ALLEGATIONS

In the summer of 2020, Plaintiff disclosed to now-AMIC employee Elena Tardanico Appleton that Plaintiff had experienced sexual violence committed by Tardanico Appleton's husband when Plaintiff was a child. Tardanico Appleton described Plaintiff's disclosure as "outing" her husband and characterized it as "inexcusable" and "unforgivable." She then severed all contact with Plaintiff. Tardanico Appleton made these statements in a personal context, prior to entering the social-work profession. After later obtaining employment as a social worker at the Clear View School—an academic and therapeutic program serving students with mental illness and emotional disabilities—Tardanico Appleton assumed a professional duty to model trauma-informed and non-retaliatory practices. In March 2025, Plaintiff submitted a good-faith, anonymous ethics concern through Clear View's designated reporting system regarding Tardanico Appleton's prior trauma-insensitive and retaliatory response to Plaintiff's disclosure. By framing a survivor's protected act of disclosure in these terms and cutting off all contact thereafter, Tardanico Appleton exhibited animus toward individuals who disclose trauma and engaged in conduct inconsistent with professional standards of care. Such conduct discourages

reporting, perpetuates stigma, and foreseeably causes re-traumatization by reinstating the same power imbalance the disclosure was meant to address, as extensively documented in professional and peer-reviewed literature on trauma response and institutional behavior.

Despite assurances of confidentiality, Clear View's HR Director, Melissa Barrios, traced Plaintiff's identity and disclosed it to Tardanico Appleton, who then obtained Plaintiff's private Philadelphia address and filed a Family Court petition in Westchester County, New York, resulting in a Temporary Order of Protection.

On April 1, 2025, Philadelphia police officers served the Order at Plaintiff's home, causing retraumatization and distress to Plaintiff and Plaintiff's family.  The following day, on April 2, 2025, Philadelphia police again appeared at Plaintiff's residence to question her based on an erroneous report of contact, further compounding the distress and stigma caused by Defendants' misuse of legal process.

On August 25, 2025, Plaintiff sent certified letters to AMIC's Board President and Secretary and to AMIC's registered agent: (1) a governance letter requesting trauma-informed institutional reforms and non-retaliation safeguards, and (2) a pre-filing settlement demand offering to resolve the matter without litigation. Each letter requested a written response within fourteen (14) days. AMIC did not provide any written response. This non-response evidences AMIC's failure of oversight and supports injunctive relief requiring board-level reforms.

On October 21, 2025, the Westchester County Family Court dismissed the petition following its voluntary withdrawal and formally vacated the Temporary Order of Protection, concluding the matter without any factual or legal findings against Plaintiff. Although the proceeding was

withdrawn, its initiation and duration caused significant emotional, reputational, and professional harm that continues to this day.

These actions, undertaken by AMIC's employees and under its supervision, constitute unlawful retaliation, discrimination, and breach of duty.

V. CAUSES OF ACTION

Federal Civil-Rights and Disability Claims

Count I – First Amendment Retaliation

(42 U.S.C. § 1983; U.S. Const. amend. I)

Defendants, acting under color of state law or in concert with state actors, retaliated against Plaintiff for protected speech—specifically, for submitting a good-faith ethics concern regarding trauma-informed and survivor-safe practices. Defendants disclosed Plaintiff's identity, distorted their communication, and initiated a judicial proceeding intended to silence, punish, or discredit them for exercising constitutionally protected expression.

Count II – Abuse of Process and Malicious Prosecution

(42 U.S.C. § 1983; U.S. Const. amends. IV & XIV)

Defendants misused legal process by initiating and prolonging a Family Court proceeding that lacked factual or legal foundation. That action was voluntarily withdrawn and dismissed on October 21, 2025, with the Temporary Order of Protection formally vacated and no findings entered against Plaintiff. Defendants' conduct constituted an abuse of process and malicious

prosecution that violated Plaintiff's constitutional rights to liberty, due process, and freedom from unreasonable governmental action.

Count III – Fourteenth Amendment Due-Process Violations

(42 U.S.C. § 1983; U.S. Const. amend. XIV)

Defendants deprived Plaintiff of liberty and property interests—including personal security, familial association, and professional reputation—without due process of law. Their arbitrary, stigmatizing, and retaliatory actions under color of state authority foreseeably harmed Plaintiff's livelihood, safety, and standing in the community.

Count IV – Disability Discrimination and Retaliation

(Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; Rehabilitation Act of 1973, 29 U.S.C. § 794)

Defendants discriminated and retaliated against Plaintiff on the basis of trauma-related disabilities—including post-traumatic stress disorder, agoraphobia with panic disorder, and generalized anxiety disorder—by breaching confidentiality, including the disclosure of Plaintiff's personal trauma history in law-enforcement and Family Court filings, and by engaging in conduct that foreseeably exacerbated those conditions. Defendants' actions denied Plaintiff equal access to institutional processes, protections, and participation in violation of federal disability-rights laws.

Supplemental State-Law Claims

Count V – Negligent Supervision and Governance

(New York Law)

Defendant AMIC, through its Board of Directors and leadership, owed duties of care, loyalty, and oversight to implement and enforce confidential, non-retaliatory, trauma-informed policies; to maintain a reliable anonymous reporting system; to train and supervise staff (including HR Director Melissa Barrios and social worker Elena Tardanico Appleton); and to intervene when notified of policy failures. Despite pre-suit notice to the Board on August 25, 2025, AMIC failed to act. These governance failures enabled the breaches of confidentiality, retaliation, and misuse of process that foreseeably caused Plaintiff's harms.

Count VI – Intentional and Negligent Infliction of Emotional Distress

(New York Law)

Defendants' conduct—including public disclosure of private trauma, initiation of unfounded judicial proceedings, and misuse of Plaintiff's personal information—was extreme, outrageous, and performed with intent or reckless disregard of its likely effects. As a direct result, Plaintiff suffered emotional, psychological, and physiological distress.

Count VII – Defamation and False Light

(New York Law)

Defendants made and circulated false statements implying that Plaintiff engaged in harassing, unstable, or unsafe conduct. Those statements placed Plaintiff in a false light before the public and harmed their professional reputation, causing special and general damages.

Count VIII – Breach of Confidentiality and Invasion of Privacy

(New York Law)

Defendants wrongfully obtained, disclosed, and exploited Plaintiff's private and confidential information—including trauma disclosures and residential address—in violation of duties of

confidentiality, reasonable-care standards, and Plaintiff's right to privacy under New York common law and institutional policy.

VII. RESULTING INJURIES AND DAMAGES

As a direct and foreseeable result of Defendants' conduct, Plaintiff has suffered severe emotional, psychological, reputational, and practical harm. Defendants' breaches of confidentiality, retaliatory misuse of judicial process, and dissemination of false statements caused retraumatization, loss of professional and community standing, and continuing disability-related injury.

As part of that harm, Plaintiff's federal Trusted Traveler Program (Global Entry) membership was revoked following Defendants' false statements and misuse of confidential information. Despite full dismissal and vacatur of the underlying Family Court matter, Plaintiff's Global Entry remains in prolonged "pending reconsideration" status due to reputational flagging caused by Defendants' actions. The revocation has prevented Plaintiff and her immediate family—each a Global Entry member—from traveling together through the expedited and more secure screening process designed for pre-vetted travelers. Without this status, Plaintiff must undergo standard airport and border screenings that are slower, less predictable, and carry an increased risk of prolonged inspection or secondary questioning. Those environments—high-surveillance, crowded, and often isolating—directly exacerbate Plaintiff's trauma-related disabilities, including phobic responses to confinement, separation, and loss of control, and heighten the risk of retraumatization. These conditions have produced ongoing emotional distress, interference with family life, and tangible logistical and financial burdens.

Plaintiff has also experienced diminished access to professional, educational, and community opportunities, aggravated symptoms of trauma and anxiety, reputational damage affecting her livelihood, and the need for continuing therapeutic care and safety-planning measures. These injuries constitute compensable damages under federal and state law, including emotional-distress, reputational, economic, and disability-related harms.

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants,

and award the following relief:

(a) Compensatory damages for emotional, reputational, professional, and disability-related harms;

(b) Punitive damages where available to deter similar misconduct;

(c) Declaratory relief confirming the falsity of the statements and constitutional violations;

(d) Injunctive and equitable relief requiring Defendants to:

   (i) Cooperate in the sealing, correction, and administrative removal of Family Court and law-enforcement records related to the withdrawn proceeding, and ensure that any associated Temporary Order of Protection or service entries remain vacated and non-reportable;

   (ii) Cease further use, publication, or dissemination of Plaintiff's private information,

   (iii) Adopt and publish board-approved, trauma-informed confidentiality and anti-retaliation policies consistent with SAMHSA/APA/NCTSN guidance and survivor-led frameworks;

(iv) Provide annual survivor-led training for all staff and administrators, with board participation, on safe handling of disclosures and disability accommodation obligations (ADA/§504);

(v) Establish and maintain a genuinely anonymous reporting channel with written safeguards against identity tracing and retaliation, subject to annual board reporting; and

(vi) Retain an independent auditor for two years to review compliance and file reports to the Court and the Board.

(e) Pre- and post-judgment interest as permitted by law;

(f) Costs of suit and attorney's fees if counsel appears; and

(g) Such other and further relief as the Court deems just and proper.


IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated: November 12 2025

Respectfully submitted,

MIRIAM ACKERMAN

Plaintiff

Philadelphia, Pennsylvania

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Miriam Ackerman

### DEFENDANTS
Association for Mentally Ill Children of Westchester, Inc. (AMIC) d/b/a Clear View School

**(b)** County of Residence of First Listed Plaintiff: Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Westchester (NY)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Plaintiff Pro Se Miriam Ackerman, Philadelphia, PA 19144
mcbridemiriam@gmail.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983; 42 U.S.C. § 12101 et seq.; 29 U.S.C. § 794

Brief description of cause:
Retaliation and disability discrimination arising from breach of confidentiality, misuse of process, and institutional failure to protect survivor disclosures

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** $500,000 (approx.)
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER:

**DATE:** November 12, 2025

**SIGNATURE OF ATTORNEY OF RECORD**

---

**FOR OFFICE USE ONLY**

RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE

Print | Save As | Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.